## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH MEDINA,

        Plaintiff,

v.                         CASE NO. 8:19-cv-1691-T-TGW

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff does not identify any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was fifty-one years old at the time of the administrative hearing and who has four or more years of college education

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

(Tr. 40, 273), has worked as a college basketball coach (Tr. 273).   He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled on August 31, 2017, due to rheumatoid arthritis, high blood pressure, depression, heart attack - two stents, and supraventricular tachycardia (SVT) (Tr. 272).    The claims were denied initially and upon reconsideration.

The plaintiff, at his request, received a <u>de novo</u> hearing before an administrative law judge on January 30, 2019 (Tr. 34).   The law judge found that the plaintiff had severe impairments of inflammatory arthritis, ischemic heart disease, depression and anxiety (Tr. 13).   He concluded that with those impairments the plaintiff had the residual functional capacity to perform light work with the following limitations (Tr. 15):

> The claimant can lift and/or carry 20-pounds occasionally and 10-pounds frequently; stand and/or walk for 6-hours in an 8-hour workday, and sit for 6-hours in an 8-hour workday; occasionally climb ladders, ropes and scaffolds, and frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl.   The claimant can understand, carry out and remember simple, routine tasks, involving only simple, work-related decisions, with the ability to adapt to routine work place changes; and the claimant would be off-task five

(5%) percent of the day and miss one workday per quarter.

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 20).  However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as marker, final inspector and office helper (Tr. 21). Accordingly, the law judge found the plaintiff was not disabled from August 31, 2017, through the date of the decision on February 15, 2019.

The plaintiff sought review from the Appeals Council, but the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 1).

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).   A "physical or mental impairment," under

the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.   42 U.S.C. 405(g).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).   Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."   Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.   Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).   Similarly,

-4-

it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.   Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.   Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The relevant time period for the plaintiff's claim is the period between August 31, 2017 (the alleged disability onset date) and February 15, 2019 (the date of the law judge's decision).   Thus, the plaintiff must identify evidence compelling the law judge to find that he became disabled during this time period.   Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

The plaintiff raises two issues: (1) the law judge failed properly to analyze the plaintiff's pain complaints pursuant to Social Security Ruling 16-3P, and (2) the law judge's decision failed properly to consider medical opinion evidence using the factors in 20 C.F.R. 404.1520c (Doc. 24, pp. 6, 11). Both arguments are meritless. Moreover, in light of the Scheduling Order and Memorandum Requirements, challenges to any other findings by the law judge are forfeited (Doc. 16, p. 2).

A.    The first issue the plaintiff raises is that the law judge failed properly to analyze the plaintiff's pain complaints pursuant to Social Security Ruling 16-3P. The plaintiff contends that the law judge "engaged in impermissible picking and choosing from the medical record regarding Plaintiff's rheumatoid arthritis" and fatigue (Doc. 24, pp. 7, 8). Thus, the plaintiff limits his challenge on this issue to his inflammatory arthritis and related fatigue. Thus, in view of the Scheduling Order and Memorandum Requirements, the plaintiff has to demonstrate that the law judge's assessment of these conditions was erroneous.

Significantly, the law judge found that the plaintiff's arthritis was a severe impairment. Accordingly, he limited the plaintiff to light

-6-

work with postural limitations.   In order to prevail on this contention, the
plaintiff must point to evidence which compels a finding that the plaintiff
had greater limitations.   He has made no meaningful attempt to do so.

The evidence, moreover, is to the contrary.   The notes of the
plaintiff's treating rheumatologist, Dr. Mohammad Ali, reflect that on
December 18, 2018, which was the plaintiff's last visit before the law judge's
decision, the plaintiff was "not feeling fatigued," he had "no neck pain; no
lower back pain; no nonspecific musculoskeletal pain, swelling, and
stiffness; no arthralgia; no muscle aches; localized joint stiffness not worse
in morning; no hand pain, swelling or stiffness; no trigger finger, no wrist
joint pain; no knee joint pain; no hip joint pain; foot pain, right ankle" (Tr.
631).   The physical exam showed normal gait and stance (id.).

The previous examination on November 1, 2018 had similar
findings except that instead of right ankle pain there was left knee joint pain
(Tr. 637).   The examination on September 5, 2018 again had similar
findings except for right wrist joint pain instead of left knee pain (Tr. 641).
These notes provide substantial evidence supporting the law judge's

determination that the plaintiff's limitations from his arthritis were no greater than set forth in the residual functional capacity.

With respect to the allegation of fatigue, the law judge expressly stated that the plaintiff's statements were inconsistent with the bulk of the medical evidence.    Thus the law judge concluded that "despite the claimant's alleged severe fatigue and continual feelings of illness or discomfort, the claimant told his doctors that he only has intermittent fatigue, and he was not taking his BPH medications" (Tr. 17).[2]    The Commissioner also demonstrates that the plaintiff's allegations of severe fatigue are inconsistent with the treatment notes (see Doc. 26, p. 6).

The plaintiff challenges the law judge's credibility determination primarily on the basis of his subjective complaints (see Doc. 24, pp. 7–10).    As the Commissioner correctly responds, the plaintiff's reliance on his subjective complaints to support his testimony concerning his subjective complaints constitutes circular reasoning.    Since the law judge

---

[2] It is noted in connection with the plaintiff's challenge to the law judge's credibility challenge, the law judge specified two other matters — one regarding allegations of anxiety and depression and one regarding medication side effects — where the record contradicted the plaintiff's testimony (Tr. 17).

-8-

discounted the plaintiff's subjective complaints, the plaintiff cannot rely upon the subjective complaints in the treatment notes to establish the veracity of the plaintiff's testimony about his subjective complaints.

The plaintiff also seeks to challenge the credibility finding on the basis of flare-ups of his rheumatoid arthritis. This contention is ironic. Those events are intermittent so that it is the plaintiff, not the law judge, that is "picking and choosing from the medical record regarding Plaintiff's rheumatoid arthritis" (Doc. 24, p. 7).

The law judge acknowledged the plaintiff's testimony about this problem (Tr. 17). The law judge accommodated the condition by a limitation in the residual functional capacity to "miss[ing] one workday per quarter" (Tr. 15). The plaintiff has made no attempt to show that this is not sufficient to accommodate the plaintiff's flare-ups.

For these reasons, the plaintiff's challenge to the law judge's credibility determination fails. It is well-established that the responsibility for considering a claimant's symptoms is reposed in the Commissioner, and his determination is entitled to deference. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). Consequently, to overturn the

-9-

Commissioner's finding, the plaintiff must demonstrate that the evidence compels the contrary finding.   <u>Adefemi</u> v. <u>Ashcroft</u>, <u>supra</u>, 386 F.3d at 1027.   The plaintiff has not identified evidence that amounts to such a showing.

   B. The second issue the plaintiff raises is that the law judge's decision failed properly to consider medical opinion evidence using the factors set forth in 20 C.F.R. 404.1520c (Doc. 24, p. 11).   Those regulations apply to claims for disability benefits filed on or after March 27, 2017, such as the plaintiff's.   There are similar regulations that apply to claims for supplemental security income.   20 C.F.R. 416.920c.   Those regulations change established principles in the Eleventh Circuit concerning the evaluation of medical opinions.

> Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.   As the Administrative Conference of the United States' (ACUS) Final Report explains, these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standards of review, which is intended to be highly deferential to us.

Revision to Rules Regarding the Evaluation of Medical Evidence, 82 Fed.

Reg. 5844-01, 5853 (Jan. 18, 2017).

Accordingly, the regulations now state (20 C.F.R.

404.1520c(a), 416.920c(a)):

> We will not defer or give any specific evidentiary
> weight, including controlling weight, to any
> medical opinions(s) or prior administrative
> medical finding(s), including those from your
> medical sources.

Rather, medical opinions and prior administrative medical findings are to be

considered for their persuasiveness based upon the following factors:

(1)   Supportability
(2)   Consistency
(3)   Relationship with the claimant (including)
    (i)     Length of the treatment relationship
    (ii)    Frequency of examinations
    (iii)   Purpose of the treatment relationship
    (iv)   Extent of the treatment relationship
    (v)    Examining relationship
(4) Specialization
(5) Other factors

20 C.F.R. 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

Supportability and consistency are the two most important

factors.   20 C.F.R. 404.1520c(a), 416.920c(a); 20 C.F.R. 404.1520c(b)(2),

-11-

416.920c(b)(2).   Indeed, law judges are not even required to explain how they considered factors 3 through 5, 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2), unless the record contains differing, but equally persuasive, medical opinions or prior administrative medical findings about the same issue.   20 C.F.R. 404.1520c(b)(3), 416.920c(b)(3).

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."   20 C.F.R. 404.1520c(c)(1), 416.920c(c)(1).

"Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."   20 C.F.R. 404.1520c(c)(2), 416.920c(c)(2).

The new regulations also provide that where the record contains multiple medical opinions or prior administrative medical findings from a

-12-

single medical source, the law judges are not required to articulate how they considered each medical opinion or prior administrative medical finding, but it is sufficient if there is a single analysis of the factors.   20 C.F.R. 404.1520c(b)(1), 416.920c(b)(1).

As indicated, the plaintiff asserts that the law judge did not properly consider medical opinions pursuant to 20 C.F.R. 404.1520c. Specifically, he argues that the law judge failed to consider the factors set out in § 404.1520c(c)(3) through (c)(5) (Doc. 24, p. 13).   That argument is frivolous.

Importantly, the regulation does not require an explanation of how all five factors were considered — unless the law judge finds that two or more opinions or prior administrative findings about the same issue are equally well-supported and consistent with the record, but not exactly the same.   20 C.F.R. 404.1520c(b)(3).   Otherwise, the regulation requires only an explanation of how the first two factors were considered:

> The factors of supportability (paragraph (c)(1) of
> this section) and consistency (paragraph (c)(2) of
> this section) are the most important factors we
> consider when we determine how persuasive we
> find a medical source's medical opinions or prior

administrative findings to be.   Therefore, we will
explain how we considered the supportability and
consistency factors for a medical source's medical
opinions or prior administrative medical findings
in your determination or decision.   <u>We may, but
are not required to</u>, explain how we considered the
factors in paragraphs (c)(3) through (c)(5) of this
section, as appropriate, when we articulate how we
consider medical opinions and prior administrative
medical findings in your case record.

20 C.F.R. 404.1520c(b)(2) (emphasis added).

The law judge provided an explanation of how he considered
the medical opinions and prior administrative medical findings in the
plaintiff's case (Tr. 19–20).   Regarding the opinions from state agency
medical consultants Loc Kim Le, MD, and Khavir Sharieff, DO, the law
judge stated: "These opinions are <u>the most supported and consistent</u> with the
evidence of record, and comply with agency policies, so they received the
most persuasive weight" (Tr. 19) (emphasis added).   Regarding the opinion
from rheumatologist Mohammed Ali, MD, the law judge stated: "As the
evidence <u>did not support</u> the degree of limitations Dr. Ali placed on the
claimant, including his own treatment notes, this opinion was not

persuasive" (id.).   Thus, the law judge complied with the regulation by explaining the supportability and consistency factors.

The law judge found Dr. Ali's opinion unpersuasive because it was unsupported by the medical evidence of record.   The law judge explained (id.):

> Rheumatologist Mohammed Ali, MD completed a physical abilities – work related activities – medical source statement on September 5, 2018. Dr. Ali opined that the claimant could perform sedentary exertion work as defined, but with additional limitations.   Those limitations included lifting 25-pounds occasionally and 10-pounds frequently, and further postural, manipulative, and environmental limitations (13F).   As the evidence did not support the degree of limitations Dr. Ali placed on the claimant, including his own treatment notes, this opinion was not persuasive. For example, Dr. Ali notes the claimant denied neck, back, hand, wrist, knee and hip pain in December 2018 (14F), which is contrary to his manipulative and postural limitations.

This explanation is supported by substantial evidence (Doc. 26, p. 15).

It is clear the law judge considered the supportability and consistency factors because he used that exact language in his explanation of the medical opinions.   Accordingly, he was not required under the

-15-

regulation to explain the other three factors.   Nonetheless, the law judge

noted that Dr. Ali is a rheumatologist, thus he was aware of his specialization

in rheumatology and considered the specialization factor (even though he

was not required to) (Tr. 19).

Finally, as the Commissioner persuasively argues, the plaintiff

has not challenged the law judge's finding that Dr. Ali's opinion was

unsupported by and inconsistent with the record evidence (Doc. 26, p. 17).

Therefore, in light of the Scheduling Order and Memorandum Requirements,

the plaintiff forfeits that argument (Doc. 16, p. 2).

For these reasons, the plaintiff's challenges to the law judge's

treatment of the plaintiff's pain complaints and the law judge's consideration

of the medical opinion evidence are unavailing.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is

**AFFIRMED**.   The Clerk shall enter judgment in accordance with this

Order and **CLOSE** this case.

-16-

DONE and ORDERED at Tampa, Florida, this 21st day of

September 2020.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE